**Molly Jo Mullen**
OSB NO: 914969
Email: mullen@bodyfeltmount.com
**Heather A. Bowman**
OSB NO: 073257
Email: bowman@bodyfeltmount.com
**BODYFELT MOUNT**
707 SW Washington Street, Suite 1100
Portland, Oregon 97205-3528
Telephone: (503) 243-1022
Facsimile: (503) 243-2019
Attorneys for Defendant Dian Rubanoff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL KAY**, | Case No. 3:13-cv-01076-PK |
| Plaintiff, | |
| vs. | **DEFENDANT RUBANOFF'S MOTION FOR SUMMARY JUDGMENT** |
| **WILLIAM HAACK, THERESA KING, DIAN RUBANOFF, MATTHEW WORKMAN, WALLACE THOMPSON, MICHAEL CONNOR, and CITY OF VERNONIA**, a political subdivision of the state of Oregon, | Oral Argument Requested |
| Defendants. | |

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, counsel for defendant Dian Rubanoff ("Rubanoff") certifies that they have made a good faith effort to resolve the issues in dispute with plaintiff's counsel, and have been unsuccessful. Therefore, the court's ruling on this motion is necessary.

/ / /

**DEFENDANT RUBANOFF'S MOTION FOR SUMMARY JUDGMENT** – Page 1

BODYFELT MOUNT LLP
Attorneys At Law
707 SW Washington Street, Suite 1100
Portland OR 97205-3528
Phone: 503-243-1022 Fax: 503-243-2019

## MOTION

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 56-1 and 7-1(b), Rubanoff moves the court for an order granting her summary judgment on Plaintiff's claim against her because there is no genuine issue of material fact, and Rubanoff is entitled to summary judgment as a matter of law. In support of this motion, pursuant to LR 7-1(c), Rubanoff relies upon her Legal Memorandum set forth below; the Legal Memorandum of Defendants Haack, Workman, Thompson, Connor, and City of Vernonia ("City Defendants"); the Legal Memorandum of Defendant Theresa King ("King"); the Declarations with attached exhibits of Karen O'Kasey, Dian Sharon Rubanoff and Andrew D. Campbell; and the pleadings on file herein. Rubanoff additionally joins City Defendants' and King's motions for summary judgment.

## LEGAL MEMORANDUM

### I. INTRODUCTION

Defendant Rubanoff moves for summary judgment on Plaintiff's First Claim for Relief. Plaintiff, Michael Kay ("Kay"), asserts only one claim against Rubanoff, that he was deprived of procedural due process afforded under the Fourteenth Amendment because of Rubanoff's actions. (Compl. ¶ 68-70). Rubanoff, as a private practice attorney, retained by the City of Vernonia ("City") to provide employment related legal assistance, is not a "state actor," therefore plaintiff cannot maintain a claim against her pursuant to 42 U.S.C. § 1983. Alternatively, if the court determines that Rubanoff is a "state actor," she is entitled to immunity from suit as a private attorney temporarily engaged by City of Vernonia based on the recent holding in *Filarsky v. Delia*, 132 S. Ct. 1657 (2012). Further, Kay cannot establish that he was denied procedural due process in this instance as a matter of law and his claim against Rubanoff is precluded by the arbitration outcome of the underlying

**DEFENDANT RUBANOFF'S MOTION FOR SUMMARY JUDGMENT –** Page 2

BODYFELT MOUNT LLP
Attorneys At Law
707 SW Washington Street, Suite 1100
Portland OR 97205-3528
Phone: 503-243-1022 Fax: 503-243-2019

grievance process. For these reasons, Rubanoff is entitled to summary judgment in her favor as a matter of law.

## II.  STATEMENT OF FACTS

Rubanoff joins and relies on the statement of facts provided by the City Defendants and Co-Defendant King in addition to the facts stated herein. The undisputed facts related to the claim against Defendant Rubanoff are as follows. Dian Rubanoff is an attorney in private practice in Lake Oswego, Oregon, and was in private practice with the law firm of Williams, Zografos & Peck (the "firm") at all times alleged in Plaintiff's complaint. (Declaration of Dian Sharon Rubanoff in Support of Defendant Rubanoff's Motion for Summary Judgment ("Rubanoff Decl.") ¶ 5.) Rubanoff's expertise is in the area of public sector employment, and she has focused her practice on employment law since 1991. (Rubanoff Decl. ¶ 6.) In April 2011, the firm was retained by the City of Vernonia to provide legal services and advice in connection with the City's investigation of Police Officer Kay, which had been initiated by reports of employee dishonesty asserted by the Oregon Department of Public Safety and Health Standards ("DPSST"). (Rubanoff Decl. ¶ 12.) Rubanoff conducted interviews with Kay, various witnesses, and City employees; reviewed prior investigations regarding Kay; and prepared a report for the City of Vernonia regarding her findings. (Rubanoff Decl. ¶¶ 15-18.) After Kay grieved his termination, Rubanoff also assisted the City's arbitration counsel, Reuben Cleveland, in preparing the case for arbitration and testified at the arbitration hearing. (Rubanoff Decl. ¶¶ 22-25.) Rubanoff is not a City of Vernonia employee, nor has she ever been an employee of the City of Vernonia. (Rubanoff Decl. ¶¶ 8-9.)

/ / /

/ / /

**DEFENDANT RUBANOFF'S MOTION FOR SUMMARY JUDGMENT** – Page 3

BODYFELT MOUNT LLP
Attorneys At Law
707 SW Washington Street, Suite 1100
Portland OR 97205-3528
Phone: 503-243-1022 Fax: 503-243-2019

### III.    LEGAL STANDARD OF REVIEW

Defendant Rubanoff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  As the party moving for summary judgment, Rubanoff bears the burden of demonstrating the absence of a genuine issue of fact for trial that precludes granting summary judgment at a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).

There is no factual dispute that Rubanoff is an attorney licensed to practice law in Oregon.  (Complaint ¶ 9).  Rubanoff is in private practice specializing in employment law.  (Rubanoff Decl. ¶ 2.)  The issue before the Court is limited to whether or not Plaintiff can maintain a cause of action against Rubanoff as either:  (1) a private practice attorney, or (2) alternatively, a "state actor" entitled to immunity from suit under § 1983.  While the initial burden is on the moving party to point out the absence of any genuine issue of material fact, once that burden has been satisfied, the burden shifts to the non-moving party to demonstrate, through the production of admissible evidence, that there remains an issue of fact to be tried.  *Id.* at 323.

Rubanoff relies on Kay's own pleadings, the record developed by City Defendants and King, and her declaration filed in support of this motion. Rubanoff further relies upon City Defendants' legal briefing and analysis as well as the legal briefing and analysis of Defendant King.  In addition, Rubanoff submits the points and authorities cited herein in support of her Motion for Summary Judgment.

/ / /

/ / /

/ / /

/ / /

**DEFENDANT RUBANOFF'S MOTION FOR SUMMARY JUDGMENT –** Page 4

BODYFELT MOUNT LLP
Attorneys At Law
707 SW Washington Street, Suite 1100
Portland OR 97205-3528
Phone: 503-243-1022 Fax: 503-243-2019

## IV. LEGAL ARGUMENT AND AUTHORITIES

A. **Rubanoff, an Attorney in Private Practice, is Not a "State Actor" Therefore, Plaintiff Cannot State a Claim Under § 1983 Against Rubanoff.**

Kay's sole claim against Rubanoff fails as a matter of law because a private actor cannot actionably suppress a plaintiff's First Amendment rights, nor violate the Due Process Clause of the Fourteenth Amendment. The Supreme Court has long held that the U.S. Constitution applies only to actions by governments and their agents; private conduct generally is not regulated by the Constitution. *See, e.g.*, *Edmonson v. Leesville Concrete Co.,* 500 U.S. 614, 619, 111 S. Ct. 2077 (1991) ("The Constitution's protections of individual liberty . . . apply in general only to action by the government."). The Due Process Clause of the Fourteenth Amendment made most provisions of the Bill of Rights, including the First Amendment, applicable to state and local governments, but not to private actors. *See, e.g., Cantwell v. Connecticut,* 310 U.S. 296, 303, 60 S. Ct. 900 (1940)("The fundamental concept of liberty embodied in [the Fourteenth] Amendment embraces the liberties guaranteed by the First Amendment."). *See also*, *Albright v. Longview Police Dep't*, 884 F.2d 835, 841 (5th Cir. Tex. 1989) (no First Amendment claim against a private actor).

Given this backdrop, courts have unequivocally interpreted 42 U.S.C. § 1983 to require that a plaintiff prove each defendant acted "under color of state law." The Ninth Circuit states the test as follows: "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. Cal. 2006).

**DEFENDANT RUBANOFF'S MOTION FOR SUMMARY JUDGMENT** – Page 5

BODYFELT MOUNT LLP
Attorneys At Law
707 SW Washington Street, Suite 1100
Portland OR 97205-3528
Phone: 503-243-1022 Fax: 503-243-2019

As set forth in the City Defendants' legal memorandum (Section IV.A.), Kay's rights were not violated, because Kay received the due process notice and opportunity for hearing provided by his collective bargaining agreement. Even if Kay's rights were violated, however, his claim fails because Kay cannot establish Rubanoff acted under color of state law. The Supreme Court has held that lawyers, such as Rubanoff "are not officials of government by virtue of being lawyers" and therefore, are not acting on behalf of the government "under color of state law." *Polk County v. Dodson*, 454 U.S. 312, 319 n. 9, 102 S. Ct. 445 (1981) (noting that a private attorney, though licensed by the state in which they practice, does not act under the color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional role of an attorney). Other cases have also held that private attorneys are not proper 42 U.S.C. § 1983 defendants because they do not act under color of state law. *See Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. Haw. 1991) (private parties do not generally act under color of state law for § 1983 purposes); *Briley v. California*, 564 F.2d 849, 855-56 (9th Cir. 1977) (holding that private attorney is not a state actor). *See also, Dennis v. Sparks*, 449 U.S. 24, 27-29, 101 S. Ct. 183 (1980). Although an attorney is often referred to as an "officer of the court," an attorney does not act under color of state law when representing a client in court. *Koenig v. Snead*, 757 F. Supp. 41 (D. Or 1991), *aff'd without opinion*, 977 F.2d 589 (9th Cir. Or. 1992) (finding that court-appointed attorney was not a state actor); *Spinks v. Lewandowski*, 2009 U.S. Dist. LEXIS 42641 (D. Or. May 19, 2009) (private attorneys are not "state actors" and cannot be held liable for alleged constitutional violations under § 1983); *Newkirk v. Chief Hidden Wolf*, 2004 U.S. Dist. LEXIS 11634 (D. Or. Mar. 11, 2004) (attorney does not act under color of state law as a representative of client in court).

/ / /

**DEFENDANT RUBANOFF'S MOTION FOR SUMMARY JUDGMENT** – Page 6

BODYFELT MOUNT LLP
Attorneys At Law
707 SW Washington Street, Suite 1100
Portland OR 97205-3528
Phone: 503-243-1022 Fax: 503-243-2019

Kay alleges that Rubanoff is an attorney who was retained by the City of Vernonia in 2011 and 2012. (Compl. ¶ 9.) Rubanoff has admitted that she was in fact an attorney and working in that capacity as she performed an investigation into Kay's conduct and completed the scope of the legal work assigned to her by the City of the Vernonia. It is well settled that acts of a private party attorney are not acts under color of state law. *Price*, 939 F.2d at 707-08. As a result, Rubanoff is entitled to dismissal of Kay's claim against her as a matter of law.

B. **Alternatively, if Rubanoff is a "State Actor," She is Entitled to Immunity from Suit for Her Actions in Performing the Kay Investigation and Testifying at Kay's Abitration.**

If this Court determines Rubanoff acted under color of state law in the Kay investigation, she is immune from civil liability arising out of that investigation. As set forth in the City Defendants' legal memorandum (Section IV.A.3), qualified immunity shields public officials from liability for performance of their discretionary functions, including the type of investigation at issue in this case. *See Pearson v. Callahan*, 555 U.S. 223, 243-244, 129 S. Ct. 808 (2009). The United States Supreme Court case of *Filarsky v. Delia,* 132 S. Ct. 1657 (2012), decisively answered the question as to whether or not a private attorney temporarily hired by the government to carry out its work is also entitled to qualified immunity from suit under 42 U.S.C. § 1983.

In *Filarsky,* a firefighter, Delia, was being investigated by the City of Rialto (his employer) with regard to an employment matter. *Id*. at 1660. The city hired attorney Steve Filarsky, a private practice attorney who specialized in employment law, to interview Delia about his absences from work and a home building project the city suspected Delia might be undertaking while off work. *Id*. As part of his investigation and interview with Delia,

**DEFENDANT RUBANOFF'S MOTION FOR SUMMARY JUDGMENT** – Page 7

BODYFELT MOUNT LLP
Attorneys At Law
707 SW Washington Street, Suite 1100
Portland OR 97205-3528
Phone: 503-243-1022 Fax: 503-243-2019

Filarsky directed Delia to produce recently purchased building materials so the city management could determine if Delia had worked on his house or not during his time off of work.  *Id.*  In response to what Delia and his attorney felt was a violation of Delia's Fourth and Fourteenth Amendment rights, Delia sued the City of Rialto, various Rialto employees, and Filarsky.  *Id.* at 1661.  The individual defendants sought summary judgment based on qualified immunity for the conduct of government employees under § 1983.  *Id.*  The trial court granted summary judgment for each individual defendant based on qualified immunity <u>except</u> Steve Filarsky, a private attorney.  *Id.*  Filarsky filed an appeal to the Ninth Circuit, which affirmed the lower court ruling with respect to all defendants except Filarsky, because he was not a city employee, but a private attorney.  *Id.*

The United States Supreme Court accepted certiorari and ultimately concluded that Filarsky was indeed entitled to qualified immunity:

> "Though not a public employee, Filarsky was retained by the City to assist in conducting an official investigation into potential wrongdoing.  There is no dispute that government employees performing such work are entitled to seek the protection of qualified immunity. The Court of Appeals rejected Filarsky's claim to the protection accorded [individual City employees named in the suit] solely because he was not a permanent, full-time employee of the City.  The common law, however did not draw such distinctions and we see no justification for doing so under § 1983."

*Id.* at 1667-1668.  The court reviewed the rich tradition of extending immunity from § 1983 claims to attorneys who were something other than full-time government employees, recognizing that the:

> "government's need to attract talented individuals is not limited to full-time public employees. Indeed, it is often when there is a particular need for specialized knowledge or expertise that the government must look outside its permanent work force to secure the services of private individuals."

**DEFENDANT RUBANOFF'S MOTION FOR SUMMARY JUDGMENT** – Page 8

BODYFELT MOUNT LLP
Attorneys At Law
707 SW Washington Street, Suite 1100
Portland OR 97205-3528
Phone: 503-243-1022 Fax: 503-243-2019

*Id.* at 1665-1666.

Such was the situation that led to the City of Rialto hiring Filarsky for the Delia investigation, Filarsky's 29 years of specialized experience in labor and employment with expertise in internal affairs investigations provided the city with a depth of expertise not found within their own roster. *Id* at 1666.

Here, Rubanoff was similarly retained by the City of Vernonia to conduct an investigation into allegations of wrongdoing by City employee officer Michael Kay. Rubanoff interviewed witnesses, reviewed prior investigations, interviewed Kay, and wrote a report of her findings. However, Rubanoff did not take any action against Kay whatsoever in her role as an attorney assisting the City of Vernonia in its investigation of an employee. The decision to terminate was made by the City Counsel and ultimately ratified at arbitration. Much like the City of Rialto discussed in *Filarsky*, the City of Vernonia does not maintain its own staff of full-time public employees to conduct investigations. In such matters, the City of Vernonia relies on the occasional services of private attorneys, such as Dian Rubanoff, with over 20 years of specialized experience in employment and labor law, including an emphasis on workplace investigations. Consistent with the reasoning in *Filarsky,* there is no reason to deny Rubanoff qualified immunity from legal liability in this instance.

Further, as briefed by her Co-Defendant King, (Section V.), Rubanoff is entitled to absolute immunity for any testimony she provided during the Kay arbitration or work performed in preparation for such testimony. Rubanoff is also entitled to immunity under the *Noerr-Pennington* Doctrine, as more fully briefed in King's motion (Section IV.). It is appropriate for the court to grant summary judgment in favor of Rubanoff at this stage of the litigation as discussed in Co-Defendant King's briefing (Section VI.C).

**DEFENDANT RUBANOFF'S MOTION FOR SUMMARY JUDGMENT** – Page 9

BODYFELT MOUNT LLP
Attorneys At Law
707 SW Washington Street, Suite 1100
Portland OR 97205-3528
Phone: 503-243-1022 Fax: 503-243-2019

C. **Defendant Rubanoff is Entitled to Summary Judgment on the Procedural Due Process Claim Because All Procedural Due Process Requirements Were Statisfied and Plaintiff's Allegations of Misconduct Are Not Due Process Violations.**

Rubanoff incorporates by reference the legal arguments and authorities cited by City Defendants and Defendant King in their motions.

D. **Defendant Rubanoff is Entitled to Summary Judgment Because the Principle of *Res Judicata* bars Plaintiff's Case Entirely.**

Rubanoff incorporates by reference the legal arguments and authorities cited by Co-Defendant King in her motion.

## CONCLUSION

Rubanoff respectfully requests the Court grant summary judgment in her favor for the following reasons: (1) because Kay cannot state a claim against Rubanoff, a private practice attorney, under 42 U.S.C. § 1983; (2) because if Rubanoff is deemed a "state actor," she is entitled to immunity for the legal work performed at the direction of the City of Vernonia; (3) because all procedural due process requirements were met by the

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANT RUBANOFF'S MOTION FOR SUMMARY JUDGMENT –** Page 10

BODYFELT MOUNT LLP
Attorneys At Law
707 SW Washington Street, Suite 1100
Portland OR 97205-3528
Phone: 503-243-1022 Fax: 503-243-2019

defendants during the Kay investigation, grievance and arbitration process; and (4) because the principal of *res judicata* bars re-litigation of Plaintiff's claims.

Dated this 11th day of April, 2014.

Respectfully submitted,

**BODYFELT MOUNT LLP**

BY:  /s/ Molly Jo Mullen
    Molly Jo Mullen, OSB No. 914969
    Email: mullen@bodyfeltmount.com
    Heather A. Bowman, OSB No. 073257
    Email: bowman@bodyfeltmount.com
    Phone:  (503) 243-1022
    Fax: (503) 243-2019

Attorneys for Defendant Dian Rubanoff

**DEFENDANT RUBANOFF'S MOTION FOR
SUMMARY JUDGMENT** – Page 11

BODYFELT MOUNT LLP
Attorneys At Law
707 SW Washington Street, Suite 1100
Portland OR 97205-3528
Phone: 503-243-1022 Fax: 503-243-2019

CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing **DEFENDANT RUBANOFF'S MOTION FOR SUMMARY JUDGMENT** on the following attorneys on the date noted below via the following method:

| | |
|---|---|
| Michelle R. Burrows<br>Attorney at Law<br>22586 SW Park Street<br>Sherwood, OR  97140<br>F:       503-241-3127<br>Email:  michelle.r.burrows@gmail.com<br><br>*Attorney for Plaintiff* | Andrew D. Campbell<br>Senior Assistant Attorney General<br>Trial Division<br>Oregon Department of Justice<br>1162 Court Street NE<br>Salem, OR  97301-4096<br>Fax             503-947-4791<br>Email: Andrew.d.campbell@doj.state.or.us<br><br>*Attorney for Theresa King* |
| Karen O'Kasey<br>Hart Wagner, LLP<br>1000 SW Broadway, Suite 2000<br>Portland, OR  97205<br>Fax:    503-222-2301<br>Email: kok@hartwagner.com<br><br>*Attorney for City of Vernonia* | |

Method:    ☐ US Mail, postage prepaid
           ☐ Facsimile
           ☐ Overnight Delivery
           ☒ ECF/CM Electronic Service

Dated this 11th day of April, 2014.

BY:  /s/ Molly Jo Mullen
Molly Jo Mullen, OSB No. 914969
Email: mullen@bodyfeltmount.com
Heather A. Bowman, OSB No. 073257
Email: bowman@bodyfeltmount.com
Phone:  (503) 243-1022
Fax: (503) 243-2019

Attorneys for Defendant Dian Rubanoff

Page 1 CERTIFICATE OF SERVICE

BODYFELT MOUNT LLP
Attorneys At Law
707 SW Washington Street, Suite 1100
Portland OR 97205-3528
Phone: 503-243-1022 Fax: 503-243-2019